UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV-00092-EHJ

JAMES E NICELY                                                                            PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                           DEFENDANT

### MEMORANDUM OPINION

This case is before the Court on review of the Commissioner's objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law and Recommendation that plaintiff James Nicely's application for Supplemental Security Income ("SSI") benefits be remanded for payment. After conducting a de novo review of the Commissioner's specific written objections, the Court hereby adopts the magistrate's report, and remands this action to the Commission for calculation and payment of benefits.

Mr. Nicely filed his application for SSI benefits on August 15, 2002 alleging that he became disabled on July 28, 2002 asa result of difficulties breathing, high blood pressure, an enlarged liver, a heart condition following heart attack, and being overweight (Tr. 101). After a hearing on October 1, 2003, Administrative Law Judge Gary Flenner ("ALJ") found Mr. Nicely's medical conditions of coronary artery disease, status post myocardial infarction and obesity are severe impairments, but they do not meet or medically equal listed impairments (Tr. 22). The ALJ found that Mr. Nicely does not retain the residual functional capacity to return to his previous work, but that he does retain the ability to perform a significant range of light work (Tr. 27, Finding No. 11). Mr. Nicely appealed the adverse decision to the Appeals Council, which found no basis for review (Tr. 7). His appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects the Commissioner's objections.

The medical evidence reflects that Mr. Nicely has a history of coronary artery disease and suffered an anterior wall myocardial infarction (heart attack) in July of 2002 (Tr. 22). The medical records indicate that he was treated by cardiologist Dr. Albert Mercer immediately following the heart attack (Tr. 157-165), and on three follow up visits (Tr. 171-173, 226-227). In May of 2003, Dr. Mercer performed additional testing of Mr. Nicely, including a myoview myocardial

scintigraphy (Tr. 230-231), an exercise stress test (Tr. 232), and a pulmonary function study (Tr. 233). Following these tests, Dr. Mercer set forth functional opinions in a letter dated May 14, 2003 (Tr. 228), in a report on May 19, 2003, (Tr. 234-235), and in a statement submitted after the administrative hearing (Tr. 260-261).

Dr. Mercer's findings limit Mr. Nicely to less than light lifting/carrying, standing only two hours of an eight hour day with ability to change positions, sitting less than two hours of an eight hour day due to swelling and need to elevate his feet above his heart (Tr. 234-235). The post-hearing statement of Dr. Mercer further opines that Mr. Mercer will not be able to maintain the activity level necessary for a forty-hour-per-week job because of his impaired heart muscle strength and obesity (Tr. 260). Dr. Mercer's functional findings are based upon the specific objective medical testing done in May of 2003 which showed a significant decrease in heart muscle strength and a much lower ejection fraction rate (30%) than the rate originally noted in hospital records (48%) (Magistrate Report, page 6-7).

The Commissioner's objections are based primarily on her disagreement that the ALJ's Decision is supported by substantial evidence of record. The Commissioner takes issue with the magistrate's characterization that the ALJ "played doctor." However, this Court finds the ALJ's reasons for not giving Dr. Mercer's opinions controlling weight troubling, particularly in light of the ALJ's findings of only mild left ventricular dysfunction, with an ejection fraction of 50% despite Dr. Mercer's more recent, objectively substantiated records showing a condition of much greater severity (Tr. 23). As noted by the magistrate, Dr. Mercer's May 2003 findings (when viewed in context), would indicate that the nuclear scans showed that the July 2002 myocardial infarction caused more damage to the plaintiff's heart muscle than was originally believed. Dr. Mercer

explained the significantly lower ejection fraction rate of 30% when compared with the 48% found in the hospital study, and noted that the exercise stress test was consistent with the 30% ejection fraction rate.

The Commissioner outlines various inconsistencies in the records so as to justify the ALJ's findings. However, this Court finds it impossible to view these earlier records independently from the May 2003 tests and interpretations by Dr. Mercer. When viewed in context, the differences are consistent with more serious heart damage than was first recognized. Furthermore, this Court agrees that the ALJ did not properly take into consideration Dr. Mercer's May 19, 2003 report (Tr. 234-235) or his post-hearing statement (Tr. 260-261) pursuant to 20 C.F.R. §416.927(d).

It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion, Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary, 801 F.2d 847 (6th Cir. 1986).

The underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints, related incidents to previous events, and note the progression of the disease process. This type of insight justifies greater reliance upon the opinion of a treating physician and is the type of insight that an expert reviewing only records or examining the patient on single or limited occasions simply cannot have. The reasons cited by the ALJ do not justify rejecting Dr. Mercer's opinion. When Dr. Mercer's opinion is accorded the weight to which it is entitled, the record as a whole does not support the decision of the Commissioner.

Finally, the Commissioner contends that the Magistrate improperly applied <u>Faucher v. Secretary</u>, 17 F.3d 171 (6th Cir. 1994) to award benefits in this case. After reviewing the record as a whole, and when the opinions of Dr. Mercer are accorded the weight to which they are entitled, it is clear to this Court that there are no remaining factual issues that would warrant remand for further proceedings. Mr. Nicely suffers from objectively verifiable heart disease which renders him incapable of performing any work, consistent with the residual functional capacity opinions of Dr. Mercer. This is one of the rare cases in which all essential factual issues have been resolved, and the overwhelming evidence entitles Mr. Nicely to benefits.

Where the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, see for example <u>Abbott v. Sullivan</u>, 905 F.2d 918 (6th Cir. 1990). The Court finds that this is one of those rare cases in which "proof of disability is strong and evidence to the contrary is lacking," <u>Faucher v. Secretary</u>, 17 F.3d 171, 176 (6th Cir. 1994).

A Judgment in conformity with this Memorandum Opinion has this day been entered.